21-2600-cv
*Weng v. Kung Fu Little Steamed Buns Ramen, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-three.

Present:

> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
>     *Circuit Judges*,
> GARY S. KATZMANN,
>     *Judge*.[1]

---

LIANHUA WENG, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, HAIHUA ZHAI, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, SHIMIN YUAN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, CHENGBIN QIAN, WEN ZHANG

    *Plaintiffs-Appellees*,

GUANGLI ZHANG,

    *Plaintiff*,

    v.                                     21-2600-cv

KUNG FU LITTLE STEAMED BUNS RAMEN, INC., DBA KUNG FU LITLE STEAMED BUNS RAMEN, KUNG FU DELICACY, INC., DBA KUNG FU LITTLE STEAMED BUNS RAMEN, KUNG FU KITCHEN, INC., DBA KUNG FU

---

[1] Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

LITTLE STEAMED BUNS RAMEN, ZHE SONG,
AKA PETER SONG,

*Defendants-Appellants*,

JOHN LIU, AKA ANDY LIU, ZHIMIN CHEN,

*Defendants*.

_____

| | |
|---|---|
| For Plaintiffs-Appellees: | AARON B. SCHWEITZER (John Troy, Tiffany Troy, *on the brief*), Troy Law, PLLC, Flushing, NY |
| For Defendants-Appellants: | JOSHUA HOROWITZ, Horowitz Tech Law P.C., Garden City, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Kung Fu Little Steamed Buns Ramen, Inc., Kung Fu Delicacy, Inc., Kung Fu Kitchen, Inc., and Zhe Song (together, "Defendants") appeal from a judgment of the district court (Loretta A. Preska, *Judge*), entered September 28, 2021, awarding damages to Plaintiffs-Appellees Lianhua Weng, Haihua Zhai, Shimin Yuan, Chengbin Qian, and Wen Zhang (together, "Plaintiffs"), following a jury trial. [2] Plaintiffs, who are former employees of Defendants, brought various claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). Defendants assert that the district court erred by (1) submitting prejudicial verdict forms to the jury; (2) granting judgment as a matter of law in Plaintiffs' favor as to Defendants' affirmative defenses under NYLL § 198(1-b) and (1-d); and (3)

_____

[2] As discussed below, Wen Zhang was substituted for deceased plaintiff Guangli Zhang after trial.

2

granting Plaintiffs' post-trial motion to substitute for a plaintiff who died before the start of trial. We assume the parties' familiarity with the case.

First, Defendants argue that the district court erred by using verdict forms with special interrogatories that, they argue, "precluded a finding" in Defendants' favor. Defs.' Br. at 11-12. Specifically, they fault the verdict forms for asking the jury to make findings such as the number of hours worked by Plaintiffs, without first being required to expressly note whether Plaintiffs' testimony was credible and provided a reasonable approximation of the hours worked. By not requiring the jury to make such a written predicate finding, Defendants argue, the verdict forms misled the jury into thinking that it had to enter some number of hours worked, even if the jury did not believe that Plaintiffs had carried their burden of proof with respect to that number. We disagree and instead conclude that the district court did not abuse its discretion in using the verdict forms in question. *Lore v. City of Syracuse*, 670 F.3d 127, 159-60 (2d Cir. 2012) ("Decisions as to the format and language to be used in a special verdict form are committed to the trial court's discretion."); *see Emamian v. Rockefeller Univ.*, 971 F.3d 380, 390 (2d Cir. 2020) (reviewing special verdict questions for abuse of discretion); Fed. R. Civ. P. 49(a). The jury instructions here correctly explained the burden of proof as to each essential element, and Defendants do not challenge them on appeal. Reading the verdict forms together with those instructions, we discern no danger that the jury would have been left with the misimpression that it could have made its findings without reference to the correct burden of proof. Accordingly, the verdict forms properly framed the issues and were not misleading. *See Emamian*, 971 F.3d at 390; *Lore*, 670 F.3d at 160.

Second, Defendants argue that the district court erred by granting judgment as a matter of law in favor of Plaintiffs as to Defendants' affirmative defenses under the NYLL. Specifically, the NYLL provides that "it shall be an affirmative defense" to claims of non-furnishing of wage

notices and wage statements that "the employer made complete and timely payment of all wages due" to the employee. NYLL § 198(1-b)-(1-d). We review the grant of a Rule 50(a) motion for judgment as a matter of law *de novo*, "consider[ing] the evidence in the light most favorable to the party against whom the motion was made" and "giv[ing] that party the benefit of all reasonable inferences that the jury might have drawn in [its] favor from the evidence." *Jones v. Treubig*, 963 F.3d 214, 223-24 (2d Cir. 2020) (internal quotation marks omitted); *see* Fed. R. Civ. P. 50(a). Upon our review of the record, we find no error. Defendants contend that the district court failed to draw inferences in their favor when it rejected their argument that testimony indicating that Defendants paid Plaintiffs "a few dollars" in tips could suffice to establish complete and timely payment of all wages owed to Plaintiffs. App'x at 335-36. But such an inference would not have been reasonable. Defendants also direct us to a portion of Defendant Song's testimony that, they argue, the district court overlooked: when Plaintiff Weng "worked more," Song paid him more, and Weng "would also ask for more." App'x at 297. But again, such vague testimony cannot be read as establishing that Defendants "made complete and timely payment of all wages due." NYLL § 198(1-b)-(1-d). We therefore agree with the district court that "a reasonable jury would not have had a legally sufficient evidentiary basis to find for" Defendants on their NYLL affirmative defenses. Fed. R. Civ. P. 50(a)(1).

Third, Defendants argue that the district court erred by granting Plaintiffs' post-trial motion to substitute for a plaintiff who died about two years before the start of trial. Under Rule 25(a)(1), "[i]f a party dies and his claim is not extinguished, the court may order substitution of the proper party," and "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Under Rule 6, the court may, for good cause, extend such a time period. Fed. R. Civ. P. 6(b)(1). We

4

review Rule 25 substitution for abuse of discretion. *See Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir. 2003); *Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980). Here, Plaintiffs filed a suggestion of death shortly before trial, indicating that Plaintiff Guangli Zhang had died about two years earlier. They then filed a timely motion for an extension of the 90-day deadline set by Rule 25(a)(1) to file a motion to substitute Zhang's estate, for which no administrator had yet been appointed. After the conclusion of trial, the district court allowed Plaintiffs to file their motion to substitute upon the issuance of letters of administration for Zhang's estate by the Queens County Surrogate's Court, and the district court then granted that motion. Because Plaintiffs' motion to substitute was filed within the period allowed by Rules 6 and 25 after the filing of the suggestion of death, it was technically timely. Defendants complain about the two-year gap between Zhang's death and Plaintiffs' filing of a suggestion of death. It is indeed perplexing that Plaintiffs' counsel remained unaware of a client's death for such a long period of time.[3] But Defendants have identified no evidence in the record to support their arguments that Plaintiffs' counsel had in fact become aware of Zhang's death earlier than asserted, or otherwise acted in bad faith, or that Defendants were prejudiced by the delay in the filing of the suggestion of death. *See Bastedo*, 623 F.2d at 236-37. Accordingly, the district court did not abuse its discretion by granting Plaintiffs' post-trial motion to substitute.

\* \* \*

---

[3] It is also surprising that counsel was able to act on Zhang's behalf in this action without communicating with Zhang for at least two years. New York's Rules of Professional Conduct require counsel to "keep the client reasonably informed about the status" of a case and to "promptly inform" a client of, among other things, any settlement offers. N.Y. Comp. Codes R. & Regs., tit. 22, § 1200.1.4(a)(1)(iii), (3).

5

We have considered the remainder of Defendants' arguments and find them to be unpersuasive.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk